UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

ANDRES A. NEVAREZ,          Case No. 7-07-11731 MA

    Debtor.

_____

CALVERT TSO,

    Plaintiff,

v.          Adversary No. 07-1131 M

ANDRES A. NEVAREZ,

    Defendant.

## MEMORANDUM OPINION

      Plaintiff, Calvert Tso, by and through his attorney of record, Richard R. Marquez, filed a Complaint to Determine Dischargeability of Debts ("Complaint") against Defendant, Andres Nevarez, asserting that certain damages suffered by Plaintiff as a result of a motor vehicle collision in which Defendant was the driver are non-dischargeable under 11 U.S.C. § 523(a)(6) as arising from Defendant's willful, malicious injury to Plaintiff. Defendant filed a Motion for Summary Judgment with supporting memorandum and affidavit, asserting that in accordance with *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed.2d 90 (1998), the accident which forms the basis of Plaintiff's Complaint cannot support a determination of non-dischargeability under 11 U.S.C. § 523(a)(6) when Defendant did not intend to injure Plaintiff.

      Plaintiff opposes the Motion, asserting that summary judgment should not be granted when an issue of intent is central to the cause of action. Plaintiff further argues that willful and malicious injury under 11 U.S.C. § 523(a)(6) is not limited to situations in which a debtor

1

intends to bring about the consequences of his or her actions, but also encompasses intentional acts that the debtor knows are certain or substantially certain will result in injury.[1]  After consideration of the Defendant's Motion, the Plaintiff's response thereto, and the supporting affidavit and documents offered by both parties, the Court finds that the evidence submitted does not establish that Plaintiff's claim is the result of Defendant's willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).  Consequently, the Court will grant Defendant's Motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P.  The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to judgment as matter of law.[2]  The party opposing summary judgment may not rest upon allegations or denials contained in its own pleading, but must "set out specific facts showing a genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P.. To successfully defend against a motion for summary judgment, the affidavits and/or other documentation offered by the party opposing summary judgment must contain probative evidence that would allow a trier of fact to find in

---

[1] *See In re Patch,* 526 F.3d 1176, 1180 (8th Cir. 2008)(stating that it is sufficient for purposes of § 52(a)(6) "[i]f the debtor knows that the consequences are certain, or substantially certain to result from his conduct.")(citing *Geiger v. Kawaauhau (In re Geiger),* 113 F.3d 848, 852 (8th Cir. 1997)(en banc)(citing the Restatement (Second) of Torts § 8A, cmt. A (1965)), *aff'd,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)).

[2] *See Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.").

2

Defendant's favor.[3] In determining whether summary judgment should be granted, the Court must view the facts in the light most favorable to the party opposing summary judgment.[4]

UNDISPUTED FACTS

It is not disputed that Defendant and Plaintiff were in a serious motor vehicle collision on October 5, 2005 in which Defendant was driving, that Plaintiff was Defendant's passenger, and that Plaintiff was seriously injured as a result. *See* Complaint, ¶ 4; Answer ¶ 3; Affidavit of Andres Nevarez (acknowledging that he gave Mr. Tso a ride, and that he remembers opening his eyes after the auto accident and waking at the hospital). Nor does Defendant dispute that he faces criminal charges for two counts of great bodily injury by vehicle resulting from reckless driving in violation of N.M.S.A § 66-8-113 (Repl. Pamp. 2004)[5] contrary to N.M.S.A. 1978 § 66-8-101(B) and (C) (Repl. Pamp. 2004)[6], and one count for failure to stop for a red light

---

[3]*Anderson v. Liberty Lobby,* 477 U.S. 242, 249-250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[4]*Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' "))*Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

[5]That section provides, in relevant part:
> Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving.

N.M.S.A. 1978 § 66-8-113(A)(Repl. Pamp. 2004)

[6]Those sections provide, in relevant part:
> B. Great bodily harm by vehicle is the injuring of a human being . . . in the unlawful operation of a motor vehicle.

3

contrary to N.M.S.A. 1978 § 66-7-104 (Repl. Pamp. 2004).[7]  *See* Complaint, ¶ 5; Answer ¶ 5.

DISCUSSION

Pursuant to 11 U.S.C. § 523(a)(6), debts resulting from a debtor's willful and malicious injury to another are not dischargeable in the debtor's bankruptcy proceeding.  11 U.S.C. § 523(a)(6).  To be non-dischargeable under this section, the injury must be both willful *and* malicious.[8]  The  "willful" component of 11 U.S.C. § 523(a)(6) requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  *Geiger,* 523 U.S. at 61 (emphasis in original).  "Malicious" requires that an intentional act be "performed without justification or excuse." *America First Credit Union v. Gagle (In re Gagle),* 230 B.R. 174, 181 (Bankr.D.Utah 1999).[9]  Plaintiff raises two arguments in opposition to the Motion: 1)

---

        C.  A person who commits . . . great bodily harm by vehicle . . . while violating Section 66-8-113 NMSA 1978 is guilty of a third degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978, provided that violation of speeding laws as set forth in the Motor Vehicle Code . . . shall not per se be a basis for violation of Section 66-8-113 NMSA 1978.
N.M.S.A. 1978 § 66-8-101(B) and (C) (Repl. Pamp. 2004).

[7]That section provides, in relevant part:
        A.  The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of Article 7 of Chapter 66 NMSA 1978, unless otherwise directed by a traffic or police officer[.]
N.M.S.A. 1978 § 66-7-104(A) (Repl. Pamp. 2004).

[8]*See Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 655 (10th Cir. BAP 1999)(stating that "[i]n the Tenth Circuit, the phrase 'willful and malicious injury' has been interpreted as requiring proof of two distinct elements - that the injury was both 'willful' and 'malicious.'").

[9]*See also, Coats State Bank v. Grey (In re Grey),* 902 F.2d 1479, 1481 (10th Cir.1990) ("maliciousness is established if the debtor possesses actual knowledge, or it is reasonably foreseeable, that his conduct will result in injury to the creditor" ).

4

that a debtor's intent is central to a non-dischargeability action for willful and malicious injury under 11 U.S.C. § 523(a)(6) that should not be determined on summary judgment when Defendant's credibility is at issue; and 2) that willful and malicious injury under 11 U.S.C. § 523(a)(6) includes actions the debtor knows will cause substantially certain consequences.

Whether Issues of Intent Preclude Summary Judgment.

In support of his Motion, Plaintiff filed an Affidavit stating that he has no memory of the events leading up to the auto accident, nor the auto accident itself, that he had no ill will toward Defendant Tso and had no intention to injure him. *See* Affidavit of Andres Nevarez, pp. 1 and 2. Plaintiff argues that these self-serving statements fail to establish a lack of willful and malicious intent. Further, Plaintiff attached a copy of Defendant's deposition testimony wherein Defendant invoked his Fifth Amendment right. Plaintiff asserts that by refusing to answer questions at the deposition, but claiming no memory of the accident in his Affidavit in support of the Motion, Defendant has taken inconsistent positions**,** raising questions about his credibility.

In general, questions involving a defendant's intent or state of mind are not susceptible to summary judgment.[10] Nevertheless, non-dischargeability actions under 11 U.S.C. § 523(a)(6) may be susceptible to summary judgment when the facts and circumstances surrounding a debtor's actions leave no room for a trier of fact to conclude that the debtor wilfully and

---

[10]*See Gelb v. Bd. of Elections,* 224 F.3d 149, 157 (2nd Cir. 2000)("[S]ummary judgment is generally inappropriate where questions of intent and state of mind are implicated."); *Bryant v. Tilley (In re Tilley),* 286 B.R. 782, 792 (Bankr.D.Colo. 2002)(acknowledging that in dischargeability litigation "great circumspection is required where summary judgment is sought on an issue involving state of mind.").

5

maliciously harmed the plaintiff.[11]

As discussed below, reckless driving does not rise to the level of willful and malicious intent necessary to a non-dischargeability action under 11 U.S.C. § 523(a)(6) when there is no evidence presented that Defendant had any ill will toward Plaintiff, nor that Defendant had any belief that the consequences of his actions were substantially certain to occur.  Plaintiff has offered no evidence that Plaintiff disliked Defendant or intended to injure Defendant, or himself. Any perceived inconsistency between Defendant's deposition testimony in refusing to answer questions that might be used as evidence against him in subsequent criminal proceedings as an admission that he was driving recklessly and his Affidavit stating that he has no recollection of the events leading up to the accident nor the accident itself is insufficient to raise a genuine issue of material fact relevant to Plaintiff's non-dischargeability action under 11 U.S.C. § 523(a)(6).

<u>Whether Defendant's Reckless Driving Falls Within the Scope of 11 U.S.C. § 523(a)(6).</u>

Plaintiff attached a copy of the police report filed as a result of the collision which reported that the speed limit for the road upon which Defendant was driving was 35mph, that Defendant was traveling at an estimated pre-impact speed of 47mph, that he proceeded through a red light, and that Defendant was driving in a reckless manner.  *See* Exhibit A attached to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiff contends that because Defendant was driving twelve miles over the speed limit and ran a red light, it was substantially certain that an automobile collision would occur and cause

---

[11]*See, e.g., In re Patch,* 526 F.3d 1176 (8th Cir. 2008)(reversing determination granting summary judgment to plaintiff, holding that no rational trier of fact could have found defendant's action/inaction willful within the meaning of § 523(a)(6)); *Guthrie v. Kokenge (In re Kokenge),* 279 B.R. 541 (Bankr.E.D.Tenn. 2002)(granting defendant's motion for summary judgment in § 523(a)(6) action).

6

serious injury to a passenger or other drivers, and that such objective substantial certainty of injury is sufficient to sustain a cause of action under 11 U.S.C. § 523(a)(6). This Court disagrees.

Prior to *Geiger,* some courts held that reckless driving could support a non-dischargeability action under 11 U.S.C. § 523(a)(6)[12], while others concluded that reckless driving did not meet the requirements that a defendant's actions be both willful and malicious.[13] Courts continuing to struggle with the "willfulness" element under 11 U.S.C. § 523(a)(6) after *Geiger* have articulated a subjective intent standard that results in non-dischargeability *either* when the debtor has the subjective intent to cause harm, *or* when the debtor *knows* that harm is substantially certain to occur. *See, e.g., In re Su,* 290 F.3d 1140, 1145 n.3 (9th Cir. 2002); *In re Markowitz,* 190 F.3d 455, 464 (6th Cir. 1999)(holding that "unless 'the actor desires to cause the consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under § 523(a)(6).")(quoting RESTATEMENT (SECOND) OF TORTS § 8A (1964)). This standard

---

[12]*See, e.g., Sparks v. Adams (In re Adams),* 147 B.R. 407 (Bankr.W.D.Mich. 1992)(finding that debtor's actions in speeding and accelerating through red light at congested intersection were willful and malicious within the meaning of 11 U.S.C. § 523(a)(6) since debtor should have known that his acts were substantially certain to result in serious injury to another); *Edgman v. Farfalla (In re Farfalla),* 132 B.R. 628 (Bankr.D.Neb. 1991)(holding that state court conviction of debtor for felony motor vehicle homicide could be given collateral estoppel effect to establish that the resulting debt to victim's estate arose from debtor's willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6)).

[13]*See, e.g., In re Fate,* 100 B.R. 141 (Bankr.D.Mass. 1989)(holding that debtor who drove recklessly and without insurance acted with malice, but not with willfulness necessary to a non-dischargeability claim under 11 U.S.C. § 523(a)(6); acts committed with reckless disregard for the safety of another is insufficient); *Oregon Ford, Inc. v. Claburn,* 89 B.R. 629 (N.D.Ohio 1987)(reversing bankruptcy court's determination that debt arising from auto accident that resulted from debtor's violation of statute proscribing reckless driving was non-dischargeable under § 523(a)(6)).

7

falls short of an objective standard, which would disregard the debtor's state of mind and consider whether a reasonable person would have known that the actions at issue were substantially certain to cause injury. *Su,* 290 F.3d at 1146. This result is consistent with the Tenth Circuit's position in *In re Compos,* 768 F.2d 1155, 1158 (10th Cir. 1985) that rejected the "reckless disregard" standard, defining "'willful' for purposes of § 523(a)(6) to mean deliberate or intentional.'"

Here, even though it seems reasonable to expect that an accident is likely to occur when a driver speeds and runs a red light, Plaintiff has presented no evidence that Defendant knew the harm to Plaintiff was substantially certain to occur. Thus, even under the substantial certainty standard, Plaintiff has not raised a genuine issue of material fact that would defeat Defendant's Motion. Non-dischargeability under 11 U.S.C. § 523(a)(6) was not intended to cover reckless or negligent behavior. *Geiger,* 523 U.S. at 64 ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."). Finding that the debt at issue is non-dischargeable based on an inference that the Defendant knew or should have known that his reckless driving would result in injury inappropriately expands the scope of non-dischargeability under 11 U.S.C. § 523(a)(6) to include acts of negligence under an objective, reasonable person standard.

The circumstances of this case are similar to *In re Kokenge,* 279 B.R. 542 (Bankr.E.D.Tenn. 2002). In *Kokenge,* the debtor drove at speeds in excess of 90 m.p.h. down a winding, snowy mountain, while allegedly racing another car, resulting in injuries to the passengers. *Id.* at 543. In granting the debtor's motion for summary judgment, the Court rejected plaintiffs' invitation to infer, based on the "outrageousness" of the debtor's driving, that the

8

debtor "willfully" wrecked his vehicle and caused injury to plaintiffs. *Id.* at 544. The bankruptcy court found that the plaintiffs' evidence showed "only that the Debtor intentionally drove his car in an irresponsible and unjustified manner at high speeds while intentionally racing on a winding mountain road." *Id.* Because plaintiffs offered no evidence that the debtor either intended to injure plaintiffs or believed that the injury was substantially certain to occur as a result of his actions, the court granted the debtor's motion for summary judgment. *Id.*

In this case the police report establishes that Defendant drove in excess of 10 miles per hour faster than the posted speed limit, ran a red light, and collided with another car. Driving in such a manner is undoubtedly reckless, but absent any evidence that Defendant believed Plaintiff's injuries were substantially certain to occur as a result of his action, Defendant is entitled to summary judgment.

Based on the foregoing, the Court concludes that Defendant's Motion for Summary Judgment should be granted. An order and judgment consistent with this memorandum opinion will be entered accordingly.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: February 25, 2009

COPY TO:

| | |
|---|---|
| Richard R. Marquez | Steven J. Clark |
| Attorney for Plaintiff | Attorney for Defendant |
| 503 Slate Ave. NW | PO Box 1108 |
| Albuquerque, NM 87102 | Peralta, NM 87042 |

9